IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| RONALD SMOLNIK and DOLLY SMOLNIK, | ) ) ) | |
| Plaintiffs, | ) ) | 8:04CV401 |
| vs. | ) ) | ORDER |
| THOMAS VAN DYKE and SUE VAN DYKE, individually, and THOMAS VAN DYKE and SUE VAN DYKE d/b/a RANCH MOTEL AND STORAGE, | ) ) ) ) ) ) | |
| Defendants. | ) | |

This matter is before the court on the plaintiffs' Motion to Compel and Request for Oral Argument (Filing No. 58). The plaintiffs filed a brief (Filing No. 59) and an index of evidence (Filing No. 60) in support of the motion to compel. The defendants filed a brief (Filing No. 65) and an index of evidence (Filing Nos. 66-71) in opposition to the motion to compel. The plaintiffs filed a reply (Filing No. 74) in support of their motion.

**BACKGROUND**

In their Complaint, the plaintiffs allege that in December of 1998 they agreed to manage the Ranch Motel and Storage in Fremont, Nebraska (the RMS). The RMS was owned by the defendants. At approximately the same time, the plaintiffs executed a "Non-Employee Service Contract." The plaintiffs allege they were required to live on the RMS's premises, and were on duty in excess of fourteen hours each day of the week. Filing No. 1, p. 1. The plaintiffs further allege the defendants violated the minimum wage and maximum hour provisions of the Fair Labor Standards Act of 1938, also called the Wage and Hour Act, 29 U.S.C. § 201 *et seq.* (FLSA), in how the defendants compensated the plaintiffs during such employment. The plaintiffs seek compensatory damages in such amount, in addition to pay already received, that will compensate the plaintiffs at a minimum hourly wage of $5.15 per

hour plus overtime of forty-two hours per week from June 30, 2001, through June 30, 2004, liquidated damages in same amount, attorneys fees, and costs of the action.

The plaintiffs filed the instant motion asking the court to compel the defendants to fully respond to the plaintiffs' requests for production of documents and answers to interrogatories. In essence, the plaintiffs seek to compel the defendants to provide documents and information of the following two types: (1) the defendants' complete joint federal and state income tax returns for the tax years of 1999 through 2004,[1] and (2) the transfer documents and consideration received for the defendants' sale of the RMS[2]. The plaintiffs seem to recognize the court cannot compel the defendants' business federal and state income tax returns for the tax years of 1999 through 2004 because the defendants have not filed a separate tax return for business.[3]  **See** Filing No. 74, p. 1-2.

The defendants oppose the plaintiffs' motion.  As to the defendants' joint federal and state income tax returns, the defendants contend their disclosure of the Schedule C Profit or Loss from Business and Schedule E Supplemental Income and Loss from the defendants' joint federal income tax returns for the years 1999 through 2004 provides all of the relevant information to which the plaintiffs are entitled.  The defendants further contend that any further information as to the defendants' income tax filings is irrelevant and unlikely to lead to the discovery of admissible evidence, and would be unreasonably cumulative and duplicative.

---

[1] This involves the plaintiffs' requests to compel the defendants to supplement the following: (i) Responses to Plaintiffs' Requests for Production of Documents to Thomas Van Dyke, d/b/a Ranch Motel and Storage, Request No. 2; (ii) Responses to Plaintiffs' Requests for Production of Documents to Sue Van Dyke, d/b/a Ranch Motel and Storage, Request No. 2; and (iii) Responses to Plaintiffs' Requests for Production of Documents to Thomas Van Dyke, Individually, Request No. 2.

[2] This involves the plaintiffs' requests to compel the defendants to supplement the following: (i) Responses to Plaintiffs' Requests for Production of Documents to Thomas Van Dyke, d/b/a Ranch Motel and Storage, Request No. 13; (ii) Responses to Plaintiffs' Requests for Production of Documents to Sue Van Dyke, d/b/a Ranch Motel and Storage, Request No. 13; and (iii) Supplemental Answers to Amended Plaintiffs' Interrogatories to Defendant Sue Van Dyke d/b/a Ranch Motel and Storage, Interrogatory No. 3.

[3] This makes moot the plaintiffs' requests to compel the defendants to supplement the following: (i) Responses to Plaintiffs' Requests for Production of Documents to Thomas Van Dyke, d/b/a Ranch Motel and Storage, Request No. 3; (ii) Responses to Plaintiffs' Requests for Production of Documents to Sue Van Dyke, d/b/a Ranch Motel and Storage, Request No. 3; and (iii) Responses to Plaintiffs' Requests for Production of Documents to Thomas Van Dyke, Individually, Request No. 3.

The defendants emphasize the confidential nature of the information contained in their joint income tax returns. As to the requests for the documents and information regarding the sale of the RMS, the defendants argue such information and documents are confidential, not relevant and are not reasonably calculated to lead to the discovery of admissible evidence.

The plaintiffs reply that the joint income tax returns are relevant to the affirmative defenses advanced by the defendants. The plaintiffs contend that the defendants could have avoided disclosing their joint income tax returns had they filed a separate tax return for their business in the relevant years. The plaintiffs further argue that, despite the confidential nature of income tax returns, courts generally require such disclosures during discovery when relevant to a material fact in issue. The plaintiffs state they will agree to a protective order limiting the plaintiffs' use of or access to the joint income tax returns and the redaction of any information not related to earnings and profits of the RMS. As to the information and documents regarding the defendants' sale of the RMS, the plaintiffs argue such information is relevant to material facts in the case.

## ANALYSIS

**A.     Motion to Compel**

Federal Rule 26(b)(1) defines the scope of discovery. It provides as follows:

> Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. . . . For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1). Discovery may be made by way of answering interrogatories or producing documents or things. Fed. R. Civ. P. 33 (regarding interrogatories); Fed. R. Civ. P. 34 (regarding production of documents and things). "In order to fulfill discovery's purposes of providing both parties with information essential to the proper litigation of all relevant facts, to eliminate surprise, and to promote settlement, the discovery rules mandate a liberality in the scope of discoverable material. ***St. Paul Reinsurance Co., Ltd. v. Commercial Fin.***

***Corp.***, 198 F.R.D. 508, 511 (N.D. Iowa 2000) (quotation marks and citation omitted). "Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation." ***Hickman v. Taylor***, 329 U.S. 495, 507 (1947). In the end, courts have "wide discretion with respect to discovery matters." ***Spangler v. Sears, Roebuck & Co.***, 138 F.R.D. 122, 123 (S.D. Ind. 1991) (citations omitted); **see** ***Credit Lyonnais v. SGC Int'l, Inc.***, 160 F.3d 428, 431 (8th Cir. 1998).

Discovery is not, however, boundless. **See, e.g.,** Fed. R. Civ. P. 26(b)(1), (2).

> Before it was amended in 2000, Rule 26(b) fixed the outer bounds of discovery in terms of the "subject matter involved in the pending action." The amended version of this provision, clearly intended to shrink the universe of presumptively accessible material, declares that matter sought through discovery must be "relevant to the claim or defense of any party."

***Sharper Image Corp. v. Honeywell Int'l Inc.***, 222 F.R.D. 621, 639 n.32 (D. Cal. 2004). The court may further limit a party's discovery "if it 'is unreasonably cumulative or duplicative,' the party has already 'had ample opportunity by discovery' to obtain the materials, or the burden outweighs the likely benefit of the discovery." ***Moses.com Sec., Inc. v. Comprehensive Software Sys., Inc.***, 406 F.3d 1052, 1060 (8th Cir. 2005) (**quoting** Fed. R. Civ. P. 26(b)(2)(i)-(iii)).

The defendants make specific objections in opposition to the instant motion, objecting in part on the ground the documents and information sought are irrelevant. A party resisting a motion to compel discovery carries the burden of showing its objections are valid by providing specific explanations or factual support as to how each discovery request is improper. ***St. Paul Reinsurance Co., Ltd.***, 198 F.R.D. at 511. "To assess relevance in a given case, the court must view the matter in light of the specific claims and defenses asserted by the parties." ***Fletcher v. Atex, Inc.***, 156 F.R.D. 45, 48 (S.D.N.Y. 1994) (citations omitted); **see also** Fed. R. Civ. P. 26(b)(1); ***Sharper Image Corp.,*** 222 F.R.D. at 639 n.32. A threshold showing of relevance is necessary before production of information, which does not reasonably bear on the issues in the case, is required. ***Hofer v. Mack Trucks, Inc.***, 981 F.2d 377, 380 (8th Cir. 1992). If the discovery sought appears relevant, the opposing party

bears the burden of specifically showing how each discovery request is irrelevant. ***Burnett v. W. Res. Inc.***, No. 95-2145-EEO, 1996 WL 134830, *4 (D. Kan. Mar. 21, 1996). It is insufficient for the party objecting to discovery based on relevance to simply make conclusory allegations that the request is irrelevant. ***Id.***

The specific claims and defenses asserted by the parties in this case involve whether the RMS is an enterprise engaged in commerce for purposes of the FLSA. **See** Filing No. 1, p. 2; Filing No. 11, p. 2. One way employees may prove they are subject to the FLSA is to prove they are "employed in an enterprise engaged in commerce." ***Reich v. Stewart***, 121 F.3d 400, 405 (8th Cir. 1997) (citing ***Brennan v. Arnheim & Neely, Inc.***, 410 U.S. 512, 517(1973)); **see also** 29 U.S.C. § 207(a)(1) (specifying generally that the FLSA covers employees who are "engaged in commerce or in the production of goods for commerce, or [are] employed in an enterprise engaged in commerce or in the production of goods for commerce").

For purposes of the FLSA, "enterprise" is defined, in part, as:

> [T]he related activities performed (either through unified operation or common control) by any person or persons for a common business purpose, and includes all such activities whether performed in one or more establishments or by one or more corporate or other organizational units including departments of an establishment operated through leasing arrangements, but shall not include the related activities performed for such enterprise by an independent contractor.

29 U.S.C. § 203(r)(1). An "enterprise engaged in commerce or in the production of goods for commerce" is defined, in part, as an enterprise which both:

> [H]as employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and . . . is an enterprise whose annual gross volume of sales made or business done is not less than $ 500,000[.]

29 U.S.C. § 203(s)(1)(A)(i), (ii).

Section 216(b) governs the remedies available under the FLSA to plaintiffs who succeed at proving their employers violated the FLSA. It specifies that the remedies available

5

to an employee who proves violations of the minimum wages and maximum hours provisions are "the amount of [the employee's] unpaid minimum wages, or [his or her] unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages[,] a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b).

### 1.     Defendants' Complete Joint Federal and State Income Tax Returns

The defendants acknowledge that the RMS's annual gross profit is relevant to determining if it is an "enterprise engaged in commerce or in the production of goods for commerce" for purposes of the FLSA. Filing No. 65, p. 12. The defendants already provided the plaintiffs with certain Schedules from their federal joint income tax filings that evidence the defendants' gross annual sales for the RMS. **See** Filing No. 65, p. 11. The defendants challenge whether the plaintiffs have a right to discover the defendants' complete joint federal and state income tax returns in addition to the Schedules already provided. The defendants argue the production of the complete joint federal and state income tax returns would result in the discovery of information that is irrelevant, is unreasonably cumulative and duplicative, and would not lead to the discovery of admissible evidence. The plaintiffs argue the complete joint federal and state income tax returns are discoverable pursuant to the Federal Rules of Civil Procedure, and the defendants could have avoided the need for the disclosure of their joint income tax returns had they filed separate business income tax returns. The plaintiffs state they "would have no objection to the court making a protective order, limiting the use of or access to these tax returns [and to] the deletion of any information not related to earnings and profits of the [RMS]." Filing No. 74, p. 8.

The court finds discovery of the joint federal and state income tax returns for the 1999 through 2004 is warranted to the extent set forth in this order. For purposes of the FLSA, an "enterprise" is defined broadly and includes, in relevant part, "any person or persons for a common business purpose, and includes all such activities whether performed in one or more establishments or by one or more corporate or other organizational units." 29 U.S.C. 203(r)(1). Furthermore, the FLSA defines an "enterprise engaged in commerce or in the

6

production of goods for commerce" in part by its "annual gross volume of sales made or business done." 29 U.S.C. 203(s)(1)(A)(i), (ii). The federal and state income tax returns would provide information as to the annual gross receipts of the RMS. Therefore, the federal and state income tax returns are relevant to whether the RMS was an "enterprise" and, if so, whether it was an "enterprise engaged in commerce or in the production of goods for commerce." Discovery of the joint federal and state income tax returns for the tax years 1999 through 2004 to the extent set forth in this order will not result in the production of irrelevant information and information that is unreasonably cumulative and duplicative, and such discovery could lead to the discovery of admissible evidence.

The court finds information unrelated to the defendants' commercial interests could be contained in the joint federal and state income tax returns for 1999 through 2004 sought in this action. Such information is irrelevant and would not be reasonably calculated to lead to the discovery of admissible evidence. The plaintiffs state they "would have no objection to the court making a protective order, limiting the use of or access to these tax returns [and to] the deletion of any information not related to earnings and profits of the [RMS]." Filing No. 74, p. 8. Therefore, the defendants may redact information not related to the earnings and profits of the RMS to the extent such information appears on the joint federal and state income tax returns for 1999 through 2004 sought by the plaintiffs.

Therefore, the court grants the motion to compel to the extent set forth in this order as to plaintiffs' requests to compel the defendants to supplement the following: (i) Responses to Plaintiffs' Requests for Production of Documents to Thomas Van Dyke, d/b/a Ranch Motel and Storage, Request No. 2; (ii) Responses to Plaintiffs' Requests for Production of Documents to Sue Van Dyke, d/b/a Ranch Motel and Storage, Request No. 2; and (iii) Responses to Plaintiffs' Requests for Production of Documents to Thomas Van Dyke, Individually, Request No. 2.

### 2.   Transfer Documents and Consideration Received for Sale of the RMS

The defendants contend that the court should not compel production of the transfer documents and information regarding the consideration received for the sale of the RMS

because such discovery is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. The defendants argue the consideration paid for the RMS and documents regarding the conveyance and transfer of ownership of the RMS have no bearing on whether the RMS was an "enterprise" or whether it was an "enterprise engaged in commerce" for purposes of the FLSA. The plaintiffs respond that the value of the RMS is relevant to determining whether it is an "enterprise engaged in commerce or in the production of goods for commerce" or even an "enterprise."

The court finds no merit in the plaintiffs' contention that the consideration received for the sale of the RMS is relevant to a claim or defense of a party to the case. **See** Fed. R. Civ. P. 26(b)(1). Information as to the consideration received is not relevant to determining whether the RMS is an "enterprise engaged in commerce or in the production of goods for commerce" or even an "enterprise" for purposes of the FLSA. An "enterprise engaged in commerce or in the production of goods for commerce" is defined in part by the "annual gross <u>volume</u> of sales made or business done." 29 U.S.C. 203(s)(1)(A)(ii). The plaintiffs do not explain to the court how the consideration paid for the ongoing business is relevant to the annual gross volume of sales made or business done, nor do they claim the consideration paid is relevant to the remedies they seek. Furthermore, the plaintiffs do not show good cause as to why the court should compel such information which is merely related to the subject matter of the action. **See** Fed. R. Civ. P. 26(b)(1). The court finds the discovery of such information would not lead to the discovery of admissible evidence. Therefore, the court denies the motion to compel as to the plaintiffs' requests to compel the defendants to supplement the Supplemental Answers to Amended Plaintiffs' Interrogatories to Defendant Sue Van Dyke d/b/a Ranch Motel and Storage, Interrogatory No. 3.

Finally, the court finds the plaintiffs are entitled to production of documents related to the conveyance and transfer of the RMS. An issue in this litigation is whether or not the RMS is an "enterprise" or an "enterprise engaged in commerce or in the production of goods for commerce" for purposes of the FLSA. Documents related to the conveyance and transfer of the RMS are relevant to these issues and may lead to the discovery of admissible evidence. The court does not, however, compel the defendants to disclose the consideration for the sale

of the RMS. The defendants may redact information as to the consideration received for the sale of the RMS to the extent such information appears on the "conveyance documents or any other documents with regard to the transfer of ownership of the RMS from the defendants to others" sought by the plaintiffs. Therefore, the court grants to the extent set forth in this order the motion to compel as to the plaintiffs' requests to compel the defendants to supplement the following: (i) Responses to Plaintiffs' Requests for Production of Documents to Thomas Van Dyke, d/b/a Ranch Motel and Storage, Request No. 13; and (ii) Responses to Plaintiffs' Requests for Production of Documents to Sue Van Dyke, d/b/a Ranch Motel and Storage, Request No. 13.

**B.    Sanctions**

With regard to motions to compel discovery responses, Rule 37(a)(4)(A) of the Federal Rules of Civil Procedure provides:

> If the motion is granted or if the disclosure or requested discovery is provided after the motion was filed, the court shall, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(4)(A). Upon reviewing the circumstances of this case, finding the motion to compel was warranted as to some of the documents sought, and finding some of the objections were substantially justified,[4] the court finds sanctions should not be imposed in this matter. The defendants have asserted legitimate reasons for several of the objections they

---

[4]The provisions of Rule 37(a)(4)(a) provide that sanctions may not be appropriate where a motion was substantially justified. "Making a motion, or opposing a motion, is 'substantially justified' if the motion raised an issue about which reasonable people could genuinely differ on whether a party was bound to comply with a discovery rule." Charles A. Wright, et al., ***Federal Practice and Procedure*** § 2288 (2d ed. 1994).

submitted, though not all were found to be supportable.  Thus, the court finds the defendants have shown substantial justification for their position as to the discovery responses addressed herein.  **See** *id.*  Furthermore, because the motion was granted in part and denied in part, the court is not required to apportion attorney fees or expenses between the parties.  **See** Fed. R. Civ. P. 37(a)(4)(C) (noting the court *may* apportion expenses incurred between the parties when a motion to compel is granted in part and denied in part).  Under the circumstances, the court does not find the imposition of sanctions to be warranted in this case and will not assess sanctions against either party with regard to the instant discovery dispute.

**IT IS ORDERED:**

1. The plaintiffs' request for oral argument (Filing No. 58) is denied.

2. The plaintiffs' Motion to Compel and Request for Oral Argument (Filing No. 58) is granted in part and denied in part as set forth below.

   a. The plaintiffs' motion to compel is denied as moot with regard to the plaintiffs' requests to compel the defendants to supplement the following:  (i) Responses to Plaintiffs' Requests for Production of Documents to Thomas Van Dyke, d/b/a Ranch Motel and Storage, Request No. 3; (ii) Responses to Plaintiffs' Requests for Production of Documents to Sue Van Dyke, d/b/a Ranch Motel and Storage, Request No. 3; and (iii) Responses to Plaintiffs' Requests for Production of Documents to Thomas Van Dyke, Individually, Request No. 3.

   b. The plaintiffs' motion to compel is granted to the extent set forth in this order as to the plaintiffs' requests to compel the defendants to supplement the following: (i) Responses to Plaintiffs' Requests for Production of Documents to Thomas Van Dyke, d/b/a Ranch Motel and Storage, Request No. 2; (ii) Responses to Plaintiffs' Requests for Production of Documents to Sue Van Dyke, d/b/a Ranch Motel and Storage, Request No. 2; and (iii) Responses to Plaintiffs' Requests for Production of Documents to Thomas Van Dyke, Individually, Request No. 2.

   c. The plaintiffs' motion to compel is denied as to the plaintiffs' request to compel the defendants to supplement the Supplemental Answers to Amended Plaintiffs'

Interrogatories to Defendant Sue Van Dyke d/b/a Ranch Motel and Storage, Interrogatory No. 3.

        d.    The plaintiffs' motion to compel is granted to the extent set forth in this order as to the plaintiffs' requests to compel the defendants to supplement the following: (i) Responses to Plaintiffs' Requests for Production of Documents to Thomas Van Dyke, d/b/a Ranch Motel and Storage, Request No. 13; and (ii) Responses to Plaintiffs' Requests for Production of Documents to Sue Van Dyke, d/b/a Ranch Motel and Storage, Request No. 13.

        3.    The parties shall confer regarding the specific redactions necessary for production **on or before September 23, 2005**. Thereafter, the defendants shall supplement as ordered **on or before October 3, 2005**: (i) Responses to Plaintiffs' Requests for Production of Documents to Thomas Van Dyke, d/b/a Ranch Motel and Storage, Request No. 3; (ii) Responses to Plaintiffs' Requests for Production of Documents to Sue Van Dyke, d/b/a Ranch Motel and Storage, Request No. 3; (iii) Responses to Plaintiffs' Requests for Production of Documents to Thomas Van Dyke, Individually, Request No. 3; (iv) Responses to Plaintiffs' Requests for Production of Documents to Thomas Van Dyke, d/b/a Ranch Motel and Storage, Request No. 13; and (v) Responses to Plaintiffs' Requests for Production of Documents to Sue Van Dyke, d/b/a Ranch Motel and Storage, Request No. 13.

        4.    The documents produced pursuant to this order shall be deemed confidential. The plaintiffs shall not use the documents for any purposes other than this litigation and shall return to the defendants all such confidential information and copies thereof at the conclusion of this lawsuit.

    Dated this 7th day of September, 2005.

                                        BY THE COURT:

                                      s/Thomas D. Thalken
                                      United States Magistrate Judge