IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RONALD SMOLNIK and DOLLY SMOLNIK,                )<br>                                                                    )<br>                         Plaintiffs,               )<br>                                                                    )<br>              v.                                              )<br>                                                                    )<br>THOMAS VAN DYKE and SUE VAN DYKE, )<br>                                                                    )<br>                         Defendants.          )<br>_____)  | 8:04CV401<br><br>MEMORANDUM AND ORDER |

This matter is before the court on defendants' motion for summary judgment, Filing No. 102. This is an action for damages and injunctive relief brought under the Fair Labor Standards Act, 29 U.S.C. § 200 *et seq.* (hereinafter, "FLSA" or "the Act"*).* This court has jurisdiction under 28 U.S.C. § 1331. Plaintiffs seek to recover minimum wage and overtime pay for three years preceding the filing of this action for compensation for duties performed as managers of a motel and storage facility owned by defendants.

**I. Background**

Defendants contend that the uncontroverted evidence establishes that plaintiffs were not employees of defendants, but were independent contractors who are not covered by the FLSA. Defendants also contend that the plaintiffs were not "engaged in commerce," as defined in the FLSA, and that their business is not "an enterprise engaged in commerce" as defined in the FLSA because its gross receipts were less than $500,000 for the relevant period. Plaintiffs assert that there are genuine issues of controverted fact on these issues. Both parties have submitted affidavits and deposition testimony in support of their positions.

Review of the evidence shows that the defendants owned the Ranch Motel and Storage from April 16, 1987 until June 31, 2004. While they owned the motel, they typically hired married couples to manage it. Plaintiffs entered into an agreement, entitled "Non-Employee Service Contract," with defendants on December 31, 1998. Plaintiffs agreed to manage the motel and defendants agreed to pay plaintiffs a percentage of room rent and storage rent. The parties agreed that defendants would not provide benefits or withhold taxes and would furnish a 1099 miscellaneous tax form to plaintiffs at the end of each tax year.

In support of their motion, defendants submit affidavits stating that their involvement with the running of the motel was limited and that they exerted little control over plaintiffs' management activities. Plaintiffs, on the other hand, submit affidavits and deposition testimony that defendants either called or stopped by the Ranch Motel every day, if not several times a day, to direct their activities.

**II. Discussion**

On a motion for summary judgment, the question before the court is whether the record, when viewed in the light most favorable to the nonmoving party, shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Mansker v. TMG Life Ins. Co.*, 54 F.3d 1322, 1326 (8th Cir. 1995). Where unresolved issues are primarily legal rather than factual, summary judgment is particularly appropriate. *Id.* The burden of establishing the nonexistence of any genuine issue of material fact is on the moving party. Fed. R. Civ. P. 56(c); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). If defendant meets its initial burden of showing there is no genuine issue of material fact, plaintiff may not rest upon the

allegations of his or her pleadings but rather must set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists. *See* Fed. R. Civ. P. 56(e); *Chism v. W.R. Grace & Co.*, 158 F.3d 988, 990 (8th Cir. 1998). Facts are viewed in the light most favorable to the nonmoving party. *Carter v. St. Louis University,* 167 F.3d 398, 401 (8th Cir. 1999). In ruling on a motion for summary judgment, a court must not weigh evidence or make credibility determinations. *Kenney v. Swift Transp. Co.*, 347 F.3d 1041, 1044 (8th Cir. 2003).

It is "unlawful for any person" to violate the minimum wage, overtime, and recordkeeping provisions of the FLSA. 29 U.S.C. §§ 206, 207, & 215(a)(2) & (5). The FLSA gives an employee a right of action "in any court of competent jurisdiction" to recover amounts due from an employer who violates those provisions. 29 U.S.C. § 216(b). Any employee who is "engaged in commerce or in the production of goods for commerce," or is employed "in an enterprise engaged in commerce or in the production of goods for commerce" is entitled to the protections of the Act. 29 U.S.C. § 207(a)(1). *Reich v. Stewart*, 121 F.3d 400, 404 (8th Cir. 1997). "Commerce" is defined in the FLSA as "trade, commerce, transportation, transmission, or communication among the several states or between any state and any place outside thereof." 29 U.S.C. § 203(b). "The test to determine whether an employee is engaged 'in commerce' within the meaning of the FLSA is 'whether the work is so directly and vitally related to the functioning of an instrumentality or facility of interstate commerce as to be, in practical effect, a part of it, rather than isolated, local activity.'" *Reich*, 121 F.3d at 404 (*quoting Mitchell v. C.W. Vollmer & Co.*, 349 U.S. 427, 429 (1955)). An "[e]nterprise engaged in commerce or in the production of goods for commerce" means an enterprise that has employees engaged in commerce or

in the production of goods for commerce, and is an enterprise whose annual gross volume of sales made or business done is not less than $500,000. 29 U.S.C. § 203(s)(1)(a)(i),(ii); Reich v. Stewart, 121 F.3d at 405 n.3.

It has been firmly established that the phrase "engaged in commerce" within the meaning of § 203 of the Act is to be given a broad, liberal construction, rather than a strained, technical interpretation in order to effectuate the Act's purposes. *Mitchell v. Lublin, McGaughy & Assocs.*, 358 U.S. 207, 211 (1959); *Kelley v. Alamo*, 964 F.2d 747, 750 (8th Cir. 1992) (stating "[t]he FLSA should be given a broad reading, in favor of coverage"). Moreover, practical considerations, and not technical conceptions, guide courts in determining coverage of the FLSA, and the "crucial test is the nature of the activities of the employee, rather than the general character of the employer's business." *Mitchell v. Lublin, McGaughy & Assocs.*, 358 U.S. at 211.

The statutory monetary limit set forth in § 203(s)(1) has not been interpreted to mean that any enterprise with less than $500,000 in gross receipts is exempt from coverage. *Reich v. Stewart*, 121 F.3d at 495 (noting that Congress broadened the FLSA's coverage by enacting § 203(s)(1) to provide an alternative basis by which the FLSA governs certain enterprises, in addition to the original coverage for employees who are themselves engaged in commerce). "In other words, coverage exists if either the employee is engaged in commerce (individual coverage), 29 U.S.C. § 203(b) . . . or the employer is an enterprise engaged in commerce (enterprise coverage), 29 U.S.C. § 203(s) (defining 'enterprise engaged in commerce' as enterprises that, inter alia, have annual gross revenue of $500,000 or greater)." *Chao v. A-One Medical Services, Inc.,* 346 F.3d 908, 914 (9th Cir. 2003). Section 203(s)(1) was "intended to extend the FLSA's coverage

'without departing from the act's [original] basis of coverage: engagement in "commerce" or in the "production of goods for commerce,"' and if the employer's annual dollar volume is insufficient to trigger enterprise coverage, '[e]mployees individually engaged in such activities . . . [will] continue to enjoy the act's benefits." *Reich v. Stewart,* 121 F.3d at 405 (*quoting* S.Rep. No. 145, 87th Cong., 1st Sess. (1961), reprinted in 1961 U.S.C.C.A.N. 1620, 1644) (brackets in original).

In an action to enforce the FLSA, the plaintiff has the burden of proving that he or she is an employee and is covered by the Act. *Reich v. ConAgra, Inc.,* 987 F.2d 1357, 1360 (8th Cir. 1993). The employer, on the other hand, has the burden to prove an exemption under the Act. *McAllister v. Transamerica Occidental Life Ins. Co.,* 325 F.3d 997, 999 (8th Cir. 2003). Thus, the plaintiff has the burden of proof on the threshold issue of whether an employer-employee relationship exists with regard to the activities in question. *Reich,* 987 F.2d at 1360. The ultimate question of whether an employee falls within the FLSA's protection is a question of law, but the amount of time an employee works and the duties he or she performs are factual questions. *Id.* at 404.

The "definition of 'employee' must be construed according to 'the general common law of agency, rather than the law of any particular State.'" *Schwieger v. Farm Bureau Ins. Co. of Neb.,* 207 F.3d 480, 483 n.3 (8th Cir. 2000) (*quoting Nationwide Mut. Ins. Co. v. Darden,* 503 U.S. 318, 323 n.3 (1992)). Application of the general common law of agency requires the court to consider a nonexhaustive list of factors derived primarily from the Restatement (Second) of Agency § 220(2) (1958) to determine "the hiring party's right to control the manner and means by which the product is accomplished." *Lerohl v. Friends of Minnesota Sinfonia,* 322 F.3d 486, 489 (8th Cir. 2003). *Id.* The factors relevant to this

inquiry are: the skill required; the source of the instrumentalities and tools; the location of the work; the duration of the relationship between the parties; whether the hiring party has the right to assign additional projects to the hired party; the extent of the hired party's discretion over when and how long to work; the method of payment; the hired party's role in hiring and paying assistants; whether the work is part of the regular business of the hiring party; whether the hiring party is in business; the provision of employee benefits; and the tax treatment of the hired party.  *Id.*  No single factor is determinative and all of the incidents of the relationship must be assessed and weighed.  *See id.*

The court may also consider economic aspects of the parties' relationship.  *Id.*; *see also v. Schwieger v. Farm Bureau Ins. Co. of Neb.*, 207 F.3d 480, 484 (8th Cir. 2000) (weighing the "economic realities" of the worker's situation, including factors such as how the work relationship may be terminated and whether the worker receives yearly leave).  Notably, "'the existence of a contract referring to a party as an independent contractor does not end the inquiry, because an employer may not avoid [the law] by affixing a label to a person that does not capture the substance of the employment relationship.'" *Hunt v. State of Missouri, Dep't of Corrections*, 297 F.3d 735, 741 (8th Cir. 2002) (*quoting Devine v. Stone, Leyton & Gershman, P.C.,* 100 F.3d 78, 81 (8th Cir. 1996) (involving Title VII, but applying the same standards as FLSA).  Determining whether a party is an employee or an independent contractor requires a fact-intensive consideration of all aspects of the working relationship between the parties.  *Id.*

Because plaintiffs' complaint is based upon the plaintiffs' activities under the individual coverage provision, not the enterprise provision, defendants' annual dollar volume is irrelevant.  *See Reich v. Stewart,* 121 F.3d at 405.  Accordingly, defendants'

6

contention that its business is exempt from the Act is unavailing. Moreover, management of a motel clearly involves "trade, commerce, transportation or communication" connected to interstate commerce. *See, e.g., Reich v. Avoca Motel Corp.*, 82 F.3d 238, 239 (8th Cir. 1996) (action by Secretary of Labor brought on behalf of motel managers).

The court finds as a matter of law that defendants' business is not exempt from the FLSA, and their motion for summary judgment in their favor on that ground is denied. Furthermore, defendants have not established as a matter of law that the plaintiffs were independent contractors. The materials presented in support of and in opposition to the motion for summary judgment show that there are genuine issues of material fact with respect to the issue of plaintiffs' status as employees. Accordingly,

IT IS ORDERED that the defendants' motion for summary judgment (Filing No. 102) is denied.

Dated this 19th day of May, 2006.

BY THE COURT:

s/ Joseph F. Bataillon
JOSEPH F. BATAILLON
United States District Judge