IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RONALD SMOLNIK, and DOLLY SMOLNIK, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> THOMAS VAN DYKE, and SUE VAN DYKE, ) <br> ) <br> Defendants. ) | 8:04CV401 <br><br> MEMORANDUM AND ORDER |

This matter is before the court on Thomas and Sue Van Dyke's (collectively "defendants") motion to reconsider the court's memorandum and order dated August 30, 2006, and Ronald and Dolly Smolnik's (collectively "plaintiffs") brief in opposition to defendant's motion to reconsider. Filing Nos. 165, 164, 169. Defendants' move the court to reconsider its grant of plaintiffs' motion in limine precluding the proposed expert testimony of James Marlin Brabec ("Brabec"). In this case brought under the Fair Labor Standards Act, 29 U.S.C. § 200 *et seq.*, Brabec is expected to testify concerning the fair rental value of the house owned by the defendants and occupied by the plaintiffs during the relevant time period in which this action ensues. In its previous order, the court determined Brabec's testimony may be relevant for a determination of reasonable cost as it relates to 29 C.F.R. § 531 (2006).

The court determined that despite its potential relevance, Brabec failed to articulate a methodology that comported with the requirements set forth in *Daubert v. Merrell Dow Pharms.*, 509 U.S. 579 (1993). *Daubert* requires this court to perform the gatekeeping responsibility of ensuring that all expert evidence is premised on scientifically valid

methodology that can be properly applied to the facts in issue. *Daubert*, 509 U.S. at 589, 592-93. "[S]omething doesn't become 'scientific knowledge' just because it's uttered by a scientist; nor can an expert's self-serving assertion that his conclusions were 'derived by the scientific method' be deemed conclusive[.]" *Daubert v. Merrell Dow Pharmaceuticals*, 43 F.3d 1311, 1315-16 (9th Cir. 1995). "[N]othing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence which is connected to existing data only by the ipse dixit of the expert." *GE v. Joiner*, 522 U.S. 136, 146 (1997); *Marmo v. Tyson Fresh Meats*, 2006 U.S. App. LEXIS 19609 (8th Cir. 2006).

Brabec's opinion of the house rental value is included in his letter to attorney Jennifer R. Petersen. Brabec states, "[i]n arriving at a fair market rent I compared other properties rented and have been rented similar to [the house at issue]." Filing No. 130. At his deposition, Brabec reiterated that he compared the subject property to other similar properties. Filing No. 131; Brabec Dep. 9:1-7. In their brief, defendants' now argue that "it is readily apparent" from this description that Brabec employed a comparable sales approach, "or more appropriately described in this instance as a comparable rental value approach." Filing No. 166. In an affidavit proffered by Brabec in support of defendants' motion for consideration, Brabec now states that the method he employed to determine the fair market rental value of the house can be referred to as the comparable sales approach when used to issue an appraisal or the comparable rental value when employed to formulate a broker's opinion. Filing No. 167, Attachment 1. Additionally, Brabec now provides that "[t]his method of valuing real property for either sale or rental is widely accepted and customarily used in the real estate business." *Id*.

Plaintiffs' contend the "rental value approach" is created by the defendants and designed to give a scientific name to a process that has not been tested, subjected to peer

2

review, or published. Filing No 169. Plaintiffs' argue that Brabec's methodology and application were flawed and the court correctly concluded that Brabec's testimony should not be admitted. *Id.* Accordingly, plaintiffs' request that the court deny defendants' motion for reconsideration.

Brabec states that in rendering his broker's opinion, he complied with all applicable standards, including the "Code of Ethics and Standards of Practice of the National Association of Realtors" ("Code of Ethics"). Filing No. 167, Attachment 1. Attached to his affidavit, Brabec now includes the Code of Ethics. The court finds the only relevant code indicating some valuation method is Standard of Practice 11-1 which provides that

> [w]hen Realtors® prepare opinions of real property value or price, other than in pursuit of a listing or to assist a potential purchaser in formulating a purchase offer, such opinions shall include the following:
> 1)   identification of a subject property
> 2)   date prepared
> 3)   defined value or price
> 4)   limiting conditions, including statements of purpose(s) and intended user(s)
> 5)   any present or contemplated interest, including the possibility of representing the seller/landlord or buyers/tenants
> 6)   basis for the opinion, including applicable market data
> 7)   if the opinion is not an appraisal, a statement to that effect

Filing No. 167, Attachment 1.

Given this standard and Brabec's assurance that he complied with industry standards, the court can identify Brabec's methodology. Brabec simply compared his estimated value of the subject property with his estimated value of other comparable properties in the Fremont area. The court recognizes that an expert may use slightly different methods and principles, and possess difference qualifications, and those difference are a factor the fact-finder must weigh in assessing the value of the testimony given by the expert. Admittedly, Brabec's comparable rental value approach relies in part

on his own ipse dixit, rather than on something more readily verifiable, and, in that regard, it is open to attack. *In re TMI Litig.,* 193 F.3d 613, 687 (3d Cir. 1999); *See Daubert v. Merrell Dow Pharmaceuticals*, 43 F.3d 1311, 1316 (9th Cir. 1995) ("[t]his means that the expert's bald assurance of validity is not enough. Rather, the party presenting the expert must show that the expert's findings are based on sound science, and this will require some objective, independent validation of the expert's methodology").

Brabec's methodology relies heavily on his experience in the real estate industry and his own personal ownership interest. However, the Code of Ethics demonstrates an industry code of conduct legitimizing Brabec's opinion. This independent authority provides the fact-finder with a means of ascertaining the reliability of Brabec's views. Furthermore, Brabec does list comparables to corroborate his valuations. The extent to which those comparables accurately reflect the value of the house in question remains a issue for trial. This court finds that Brabec articulated an adherence to a comparable rental value approach methodology that is or logically relates to a permissible real estate rental valuation method.

THEREFORE, IT IS ORDERED that defendants' motion for reconsideration and partial vacation of memorandum and order dated August 30, 2006, Filing No. 165, is hereby granted. Plaintiffs' motion in limine regarding Brabec's testimony is subject to reassertion at trial.

DATED this 18th day of October, 2006.

BY THE COURT:

**s/ Robert T. Dawson**
United States District Judge

4